FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA, Appellant, *v.* CHARLES W. COMFORT et al., Respondents.

Second Department, November 15, 1971.

*Brown, Quencer & Commette* (*Albert S. Commette* of counsel), for appellant.

*Finkelstein, Mauriello, Kaplan & Levine* (*Max Levinson* of counsel), for respondents.

SHAPIRO, J. The issues before us on this appeal are (1) whether the automobile here involved was an "uninsured automobile" within the meaning of the New York automobile accident indemnification endorsement appearing in the liability insurance policy of Robert Comfort (hereinafter called Robert) and (2) whether there are outstanding issues of fact as to whether Robert's son, respondent Charles W. Comfort (hereinafter called Charles), is an "insured" within the meaning of that endorsement, which must first be determined before arbitration can be had.

On August 9, 1966 Charles, a passenger in an automobile owned by his father, Robert, was injured in an accident which took the life of the driver, Leonard Dickinson. The petitioner is the insurer of that vehicle.

On April 1, 1970 the respondents, Charles and his mother, commenced an action against Robert to recover damages for the injuries sustained by Charles in this accident. The petitioner (Robert's insurance company) is defending that action, in which, *inter alia,* the defense of lack of permission or consent to operate the vehicle has been interposed.

On August 15, 1970 the respondents commenced another action, this time against the estate of the driver, Leonard Dickin-

son. The petitioner disclaimed liability in that case and refused to defend, on the ground that Dickinson had been operating the vehicle without permission of its insured, Robert, and that therefore Dickinson was not entitled to coverage under Robert's policy. Thereupon the respondents served the petitioner with a demand for arbitration in accordance with the uninsured motorist provisions of the policy which it had issued to Robert.

That policy provides that the term " uninsured automobile " shall not include " an automobile owned by the named insured or spouse ". This negatively stated exclusionary language has been held not " to encompass an automobile owned by the named insured where a disclaimer or [sic] liability for a particular accident has been interposed " (Matter of Knickerbocker Ins. Co. [Faison], 22 N Y 2d 554, 559).

If Dickinson had in fact been driving without the owner's permission the automobile would qualify as an " uninsured automobile ", since, within the definition contained in the endorsement, there would then have been no " insurance policy applicable at the time of the accident with respect to any person * * * legally responsible for the use of such automobile ".

The issue of permissive use is relevant on both the questions as to whether the vehicle was an " uninsured automobile " and as to whether Charles has standing as an insured to entitle him to have the benefit of the endorsement.

The policy defines an insured as : " (1) the named insured and, while residents of the same household, his spouse and the relatives of either; (2) any person while occupying (i) an automobile owned by the named insured * * * and used by or with * * * [his] permission " (bracketed word supplied).

If substantial fact questions exist as to such issues they should be resolved by trial as a condition precedent to arbitration (see Matter of MVAIC [Malone], 16 N Y 2d 1027; Matter of Highsmith [MVAIC], 31 A D 2d 424).

Whether Dickinson was using the automobile with Robert's permission is of course a question of fact which must be decided before the petitioner can be forced into arbitration. But there is yet another issue which must be determined before arbitration may proceed and that is Charles' status. Charles has been described in the petition as a private in the United States Army who, at the time of the accident, was absent without leave. Hence, a preliminary fact issue exists as to whether, at the time of the accident, he was a member of his father's household. If he was in fact a member of that household, he is an insured under the definition contained in the endorsement. If it should appear, after trial, that Dickinson's use was with Robert's permission,

the petitioner's disclaimer will have been wrongful and coverage should be afforded his estate under Robert's policy. If, on the other hand, it appears that his operation of the vehicle was without permission, Charles cannot be regarded as an insured by virtue of his lawful occupancy of the car with the owner's permission, but he may nonetheless be found to be an insured if it is determined that he was a member of the owner's household at the time of the accident.

The order denying a stay of arbitration should therefore be reversed, with $10 costs and disbursements; the respondents' cross motion to dismiss the petition should be denied; and arbitration should be stayed pending trial of the issues of fact.

MUNDER, Acting P. J., GULOTTA, BRENNAN and BENJAMIN, JJ., concur.

Order of the Supreme Court, Westchester County, dated January 22, 1971, reversed, with $10 costs and disbursements; respondents' cross motion to dismiss petition denied; and petition granted to the extent that arbitration is stayed pending trial of the issues of fact.